# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Supreme Raheem Ackbar, #182864 ) | Civil Action No. 4:20-cv-813-RMG |
| a/k/a Ronald Gary, #275886, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Christopher Monaco, ) | |
| Scott Lewis, ) | |
| Officer Thompson, ) | |
| Captain Harouff, ) | |
| K. Conrad, ) | |
| R.L Turner, ) | |
| Brian Stirling, ) | |
| C. Early, ) | |
| Susan Duff, ) | |
| J. Bennett, ) | |
| Adam Bradbury, ) | |
| D. Chandler, ) | |
| Rivera Lopez, ) | |
| Steven McCarthy, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 20) recommending the Court dismiss Plaintiff Supreme Raheem Ackbar's Amended Complaint (Dkt. No. 14) with prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

-1-

I.     **Background**

Plaintiff is an incarcerated person proceeding *pro se* and *in forma pauperis*.[1] Plaintiff filed this action on February 21, 2020, alleging that Defendants violated his civil rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.)

On March 27, 2020, the Magistrate Judge issued a proper form order informing Plaintiff that his complaint was subject to summary dismissal for failure to state a claim. (Dkt. No. 6.) The Magistrate Judge gave Plaintiff twenty-one days to file an amended complaint or risk dismissal. (*Id.* at 1.) On May 4, 2020, Plaintiff filed his Amended Complaint. (Dkt. No. 14.)

In his Amended Complaint, Plaintiff alleges that his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated. (*Id.* at 19.) Plaintiff alleges that, on October 3, 2019, Defendant Monaco wrote a false incident report about Plaintiff using marijuana which resulted in a loss of canteen privileges and phone privileges for 90 days. Plaintiff alleges that, on December 13, 2019, Defendant Chandler wrote a false disciplinary report about Plaintiff that resulted in a loss of canteen, phone, and visitation privileges for 120 days, as well as a 30-day detention/a change in classification. Plaintiff then alleges that in late December 2019, Defendant Lopez filed a false charge of exhibitionism against Plaintiff, resulting in the loss of canteen, phone, and visitation privileges for 75 days, and a 30-day detention/a change in classification. The Amended

---

[1] Under the Prison Litigation Reform Act ("PLRA"), a court may not grant *in forma pauperis* status to a prisoner if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (the "three-strikes rule"). In *Ackbar v. Lewis*, No. 4:19-cv-2045-RMG, 2020 WL 1041697 (D.S.C. Mar. 4, 2020), in dismissing Plaintiff's complaint with prejudice, the Court noted that Plaintiff had, at that point in time, had *at least* three prior cases dismissed with prejudice for failure to state a claim. *Lewis* brought the count to four. *Ackbar v. Monaco*, No. 4:19-cv-2774-RMG, 2020 WL 1164194, at *1 (D.S.C. Mar. 11, 2020) brought the count to five. *Ackbar v. Anderson*, No. 4:19-cv-1209-RMG (D.S.C. Mar. 23, 2020) brought the count to six. This Order brings it to seven.

Complaint also alleges a variety of other wrongdoing on the parts of Defendants and, *inter alia*, requests Plaintiff be released from "false imprisonment."

On May 6, 2020, the Magistrate Judge filed an R & R recommending the Court dismiss Plaintiff's Amended Complaint with prejudice and without service of process, pursuant to 28 U.S.C. § 1915(e)(2), which permits a court to dismiss a complaint if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" (Dkt. No. 20.)  On May 26, 2020, Plaintiff filed objections to the R & R—stylized as a "motion to strike"—but his objections are non-specific and raise no substantive argument. (Dkt. No. 22.)

II.     **Legal Standard**

    A.     ***Pro Se* Pleadings**

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in federal district court, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

    B.     **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." *Id*. Where Plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Plaintiff filed objections and the R & R is reviewed *de novo*.

**III.    Discussion**

After a thorough review of the R & R and Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's Amended Complaint should be dismissed. First, the Court overrules Plaintiff's objections to the R & R, (Dkt. No. 22), because they neither articulate the specific portions of the R & R Plaintiff disagrees with nor the basis for said objections. See *White v. Stacher*, No. CV 6-05-1737-GRA-WMC, 2005 WL 8163328, at *3 (D.S.C. July 25, 2005), *adopted by*, No. CV 6-05-1737-GRA-WMC, 2005 WL 8163324 (D.S.C. Aug. 29, 2005). Second, the Magistrate Judge correctly determined that none of Plaintiff's allegations concerning the cited disciplinary proceedings rise to a constitutional magnitude. Namely, the Magistrate Judge correctly noted that public records[2] show that the three disciplinary charges Plaintiff alleges violated his due process rights did not result in the loss of good time credit nor extend the duration of his sentence. Said disciplinary proceedings therefore

---

[2] *See generally*, http://public.doc.state.sc.us/scdc-public/ (with search parameters limited by Plaintiff's name). The Court may take judicial notice of factual information located in postings on government websites. *See, e.g., Williams v. Long*, No. 07-3459-PWG, 2008WL4848362, at *7 (D. Md. Nov. 7, 2008) (noting that courts have found postings on government websites as inherently authentic or self-authenticating).

do not implicate Plaintiff's due process rights. *See Wolff v. McDonnell*, 418 U.S. 539, 555-58, (1974); *Lennear v. Wilson*, 937 F.3d 257, 262 (4th Cir. 2019) (noting inmates' due process rights are implicated during disciplinary proceedings where "inmates . . . risk . . . being deprived of a liberty interest, like good time credits"). Third, as the Magistrate Judge explains in detail in the R & R, Plaintiff's remaining allegations are either insufficiently pled, fail to rise to a constitutional magnitude, must be raised through a habeas action filed under the appropriate statute, or improperly attempt to bring claims on behalf of other inmates.

Lastly, the Magistrate Judge correctly concluded Plaintiff's complaint is subject to dismissal with prejudice. *Workman v. Morrison Healthcare*, 724 Fed. Appx. 280 (4th Cir. June 4, 2018) (Table) (noting that where the district court has already afforded an opportunity to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order"); *Knox v. Plowden*, 724 Fed. Appx. 263 (4th Cir. May 31, 2018) (Table) (on remand, district judge dismissed the action with prejudice); *Mitchell v. Unknown*, 2018 WL 3387457 (4th Cir. July 11, 2018) (unpublished). Thus, in line with Fourth Circuit case law, Plaintiff's Amended Complaint is dismissed with prejudice because Plaintiff had an opportunity to amend but failed to cure deficiencies in his Amended Complaint.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 20) as the Order of the Court, **DENIES** Plaintiff's motion to strike (Dkt. No. 22), and **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

-6-

                                        s/ Richard Mark Gergel
                                        United States District Court Judge

May 29, 2020
Charleston, South Carolina

                                        s/ Richard Mark Gergel
                                      United States District Court Judge

May 29, 2020
Charleston, South Carolina